**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02705-NYW

STANLEY FOOTE,

       Petitioner,

v.

T.K. RHODES-COZZA, USP Florence,

       Respondent.

---

## MEMORANDUM OPINION AND ORDER

---

Magistrate Judge Nina Y. Wang

       This matter is before the court on Petitioner Stanley Foote's "Motion to Reconsider Facts, Take Judicial Notice of Exhibits from Document #25 in Related Case, Request Appointment of Counsel" (the "Motion").[1]   [#29, filed December 22, 2016].   The Motion is before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and the Order Referring Case dated February 29, 2016 [#15].

## BACKGROUND

       Petitioner Stanley Foote ("Petitioner" or "Mr. Foote") is currently incarcerated at the United States Penitentiary ("USP") in Florence, Colorado.   [#1].   Petitioner filed his application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 14, 2015.   [*Id.*].   Mr. Foote's application alleges that he was found guilty of violating code 111A, Attempted

---

[1] Because Mr. Foote proceeds *pro se*, this court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). In doing so, the court quotes Mr. Foote's pleadings verbatim without correcting or acknowledging spelling and grammatical errors.

Introduction of Drugs, and Code 197, Use of the Telephone to Further Criminal Activity (Incident Report No. 2574624). [*Id.* at 2]. Prior to his transfer to USP Florence, Petitioner appealed this decision and Regional Director J.L. Norwood granted Plaintiff's appeal and remanded the incident. [*Id.*]. However, upon being transferred to USP Florence, he was informed that he would need to re-file his appeal to the Regional Director for USP Florence. [*Id.*].

Upon speaking with the Warden at USP Florence, Petitioner was informed "that my incident report would be reheard by the DHO. However, the DHO refused to rehear the incident report." [*Id.* at 3]. Petitioner alleges that his Due Process rights have been violated, and that it has been over a year since his privileges were revoked and he has lost contact with his family. [*Id.*]. Mr. Foote continues that there is no evidence to convict him of the Codes 111A and 197 violations, and that this court should grant his appeal and "restore [his] privileges and good time." [*Id.*].

On March 10, 2016, this court held a Status Conference and directed Respondents to file a response to Petitioner's application by April 1, 2016, and for Petitioner to file a reply by April 22, 2016. *See* [#16].[2] Then, on October 14, 2016, Petitioner filed a "Motion Requesting Permission or Leave of the Court to Supplement Pleadings of 28 U.S.C.S. 2241 and Said Supplements in the Interest of Judicial Economics, Pro Se" (the "Motion to Supplement") [#25] and a "Motion for Copy of file stamped motion" (the "Motion for Copy") [#26]. By Minute Order, this court struck Mr. Foote's Motion to Supplement for failure to comply with this

---

[2] The Court granted the Parties an extension of time to file their respective response and reply, *see* [#18; #21], and Respondent filed its response on April 22, 2016 [#19] and Petitioner filed his reply on May 27, 2016 [#23].

District's local rules of civil practice and granted his Motion for Copy on November 3, 2016. *See* [#27].

On December 22, 2016, Petitioner filed the instant Motion.   [#29].   In the Motion, Petitioner seeks a "Full, complete copy of Document #25, so that he may possess a complete copy of the filing," as he received only a stamped copy of the Minute Order [#27] and the Motion for Copy [#26].   *See* [#29 at 2].   Mr. Foote also contends that the court misconstrued his previous Motion to Supplement because he does not seek to amend his habeas corpus application; rather, he "pleas this Honorable Court reconsider only the Exhibit's from Document #25, as facts that substantiate his claims already raised in his [application]."   [*Id.* at 3].   Petitioner maintains that the Exhibits attached to Document #25 will aid the court in ruling on his habeas corpus application, as he could not provide the court with these exhibits earlier due to his detention in the Special Housing Unit, and that he does not seek to add additional claims.   [*Id.*].

Lastly, Mr. Foote requests appointment of pro bono counsel, because he is unfamiliar with this District's local rules of civil practice and the Federal Rules of Civil Procedure.   [*Id.*].   Further, Petitioner alleges that he has "very little education and reads at a fourth grade level," that he has met his burden of the necessity of appointment of counsel, and that this court should consider the merits of his case when appointing counsel.   [*Id.*].

## ANALYSIS

### I.   Motion to Reconsider

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, particularly in light of a grant of a dispositive motion.   Here, Mr. Foote has moved for reconsideration outside the twenty-eight days after the entry of an order or judgment;

however, because Mr. Foote proceeds *pro se*, this court construes the motion as one for relief from judgment under Rule 59(e). *See generally Sherman v. Klenke*, 653 F. App'x 580, 585 (10th Cir. 2016). Pursuant to Rule 59(e), a party may seek to amend or set aside a judgment within 28 days of the final judgment. Courts may grant motions to reconsider under Rule 59(e) where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). A Rule 59(e) motion is not, however, intended to be used "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

As discussed, Mr. Foote's Motion requests that the court "reconsider" the exhibits attached to Document #25, which substantiate his habeas corpus application. [#29 at 3]. He avers that he does not need to comply with D.C.COLO.LCivR 15.1(b), because he does not seek to add any new claims to his application. *See* [*id.*]. However, Petitioner's Motion to Supplement explicitly sought leave to supplement his application under Rule 15 of the Federal Rules of Civil Procedure to add supporting facts that "happened after" all previous court proceedings in this matter. *See* [#25 at 2]. Rule 15(d) of the Federal Rules of Civil Procedure provides that "on motion and reasonable notice," the district court has discretion to permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that *happened after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Although Mr. Foote does not seek to allege new claims in his habeas corpus application, he seeks to supplement his application with facts that occurred after he filed his application. Such a request must comply with Rule 15(d), as well as this District's Local Rules of Civil Practice. *See* D.C.COLO.LCivR

4

15.1; *see also Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008) (noting that *pro se* litigants must still comply with the same procedural and substantive law as a represented party).  Moreover, Mr. Foote does not allege a change in the controlling law, new evidence previously unavailable, or the need to correct clear error or manifest injustice.  To the extent Petitioner seeks to supplement his habeas corpus application, he must comply with the relevant Federal Rule(s) of Civil Procedure as well as this District's local rules.  Accordingly, to the extent Petitioner seeks a stamped copy of Document #25, such a request is **GRANTED**; however, Mr. Foote's request that the court reconsider the Motion to Supplement and its Exhibits [#25] is **DENIED**.

## II.     Motion to Appoint Counsel

Following its review of the Motion for Appointment, the case file, and the applicable law, the court DENIES the Motion for Appointment of Counsel for the reasons stated below.

The determination of whether to appoint counsel in a civil case is left to the sound discretion of the trial court.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted).  Under Local Rule 15(f), the court applies the following factors and considerations in reviewing a motion for appointment of counsel in a civil action: 1) the nature and complexity of the action; 2) the potential merit of the pro se party's claims; and 3) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel.

D.C.COLO.LAttyR 15(f), Appointment Procedure under Civil Pro Bono Representation, http://www.cod.uscourts.gov/Portals/0/Documents/Announcements/2014-FINAL-Local%20Attorney%20Rule%2015.pdf. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.*

As mentioned, Mr. Foote requests appointment of counsel, because he "has very little education and reads at a fourth grade level," has met his burden as to the necessity of counsel, and that the court should consider the merits of his application. [#29 at 3]. The court has considered Mr. Foote's request for appointed counsel in light of the factors identified in D.C.COLO.LAttyR 15(f) and how this case has progressed to date. Petitioner's habeas corpus application asserts that his Due Process rights were violated because the DHO has yet to rehear his appeal to Incident Report No. 2574624. [#1]. At this juncture, it is unclear whether the issues presented have merit or are overly complex. Furthermore, as a *pro se* litigant, Mr. Foote is afforded a liberal construction of his papers. *Haines*, 404 U.S. at 520–21. Based on the foregoing, the court cannot conclude, at this time, that the interests of justice would be served by appointment of civil counsel.

Accordingly, **IT IS ORDERED**:

(1)     The Motion [#29] is **GRANTED IN PART and DENIED IN PART**;

(2)     Mr. Foote's request that the court reconsider its Minute Order [#27] is **DENIED**;

(3)     To the extent Mr. Foote seeks to amend his habeas corpus application, he shall do so no later than: **February 1, 2017**;

(4)     Mr. Foote's request for appointment of counsel is **DENIED**; and

(3)     To the extent Mr. Foote seeks a stamped copy of Document #25, the Clerk of the

Court is **DIRECTED to INCLUDE** a stamped copy of "Motion Requesting Permission or

Leave of the Court to Supplement Pleadings of 28 U.S.C.S. 2241 and Said Supplements in the

Interest of Judicial Economics, Pro Se" [#25] with this Order as mailed to Petitioner at the

following address:

> Stanley Foote # 28021-050
> FLORENCE HIGH
> U.S. PENITENTIARY
> Inmate Mail/Parcels
> P.O. BOX 7000
> FLORENCE, CO 81226.


DATED: January 3, 2017                         BY THE COURT:


                                               s/ Nina Y. Wang
                                               United States Magistrate Judge